

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed June 27, 2008                                                   United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| SCOTT BRADLEY MEYROWITZ, § | CASE NO. 06-31660-BJH-11 |
| § | |
| Debtor. § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### REGARDING CONFIRMATION OF REVISED SECOND AMENDED
### NEW PLAN OF REORGANIZATION, AS MODIFIED

Came on to be considered this 24th day of June, 2008, the Confirmation Hearing with regard to the Revised Second Amended New Plan of Reorganization of Scott B. Meyrowitz, filed by the Debtor on May 20, 2008, and the Modifications to Debtor's Revised Second Amended New Plan of Reorganization filed on June 18, 2008 (collectively the "Plan"). The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1. <u>Due and Sufficient Notice</u>. Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2. <u>Plan Compliance - Bankruptcy Code Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3. <u>Proponent Compliance - Bankruptcy Code Section 1129(a)(2)</u>. The Proponent of the Plan has complied with the applicable provisions of the Bankruptcy Code.

4. <u>Good Faith – Bankruptcy Code Section 1129(a)(3)</u>. The Plan has been proposed in good faith under Section 1129(a)(3) by the Debtors and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125 (e).

5. <u>Payments – Bankruptcy Code Section 1129(a)(4)</u>. Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Plan or case have been approved by or are subject to the approval of this Court.

6. <u>No Rate Change Jurisdiction – Bankruptcy Code Section 1129(a)(6)</u>. No governmentally regulated rates are involved in these cases.

7. <u>Best Interests of Creditors – Bankruptcy Code Section 1129(a)(7)</u>. With respect to the impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

8. <u>Acceptance of the Plan – Bankruptcy Code Section 1129(a)(8)</u>. There is only class of claims which is entitled to vote, Class 1, voted to accept the Plan. There is no class of impaired claims which rejected the Plan.

9. <u>Priority Claims – Bankruptcy Code Section 1129(a)(9)</u>. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as per the provisions of the Plan.

10. <u>Class Acceptance – Bankruptcy Code Section 1129(a)(10)</u>. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

11. <u>Feasibility – Bankruptcy Code Section 1129(a)(11)</u>. The Debtors' Plan is feasible and the confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtors except where liquidation is required by the Plan.

12. <u>Fees – Bankruptcy Code Section 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provided for the payment of such fees on the Plan Closing Date.

13. <u>Retiree Benefits – Bankruptcy Code Section 1129(a)(13)</u>. There are no retiree benefits involved in this case.

14. <u>Domestic Support Obligation - Bankruptcy Code Section 1129(a)(14)</u>. There are no domestic support obligations involved in this case.

15. <u>Individual Debtor/Unsecured Creditor Objection - Bankruptcy Code Section 1129(a)(15)</u>. There are no objections to the Plan filed by the Debtor so there is no requirement that § 1129(a)(15)(B) be shown, although the Debtor provided sufficient proof to this Court that the Plan independently complies with such provision.

16. <u>Transfer Compliance - Bankruptcy Code Section 1129(a)(16)</u>.  The transfers to the Plan Trustee as set forth in the Plan comply with the requirements of this subsection.

## **CONCLUSIONS OF LAW**

17. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

18. The Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

19. The Debtor has complied with the applicable provisions of the Bankruptcy Code in proposing the Plan, specifically the Plan meets all of the requirements of 11 U.S.C. § 1129(a).

# # # End of Order # # #

**Submitted by:**

**E. P. Keiffer**
**Wright Ginsberg Brusilow P.C.**
**The Elm Place Building**
**1401 Elm Street, Suite 4750**
**Dallas, TX  75202**
**Phone: (214) 651-6500**
**Fax:    (214) 744-2615**
**E Mail:  pkeiffer@wgblawfirm.com**

**ATTORNEYS FOR THE DEBTOR**