

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed July 23, 2008                                                                                                   **United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SCOTT B. MEYROWITZ, § | CASE NO. 06-31660-bjh-11 |
| § | |
| Debtor. § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO APPROVE POST CONFIRMATION MODIFICATIONS UNDER 11 U.S.C. §1127(b)**

Came on to be heard this 23rd day of July, 2008, the Motion to Approve Post Confirmation Modifications under 11 U.S.C. §1127(b) (the "Motion") filed by Scott B. Meyrowitz ("Debtor"). The Court, after noting that due notice under F.BR.P. 2002 has been given to all parties in interest, that there are no objections to the proposed modifications, makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. Adequate information was contained in the original disclosure statement in this case as set forth in Section 1125 of the Code.

2. The plan was not modified in such a manner that either classification or treatment of any creditor was altered.

3. The Modification does not cause a material adverse change to the treatment of any class of creditors or interests who voted on the Debtor's Revised Second Amended Plan of Reorganization (the "Confirmed Plan").

4. Notice sent to the twenty (20) largest creditors and those requesting notice is sufficient notice for modifications that do not cause a material adverse change to the treatment of creditors or interest holders.

5. The assets to be conveyed under the Plan to the Plan Trust have not been formally been conveyed to the Trust.

6. No transfers of funds have been made which were required to be made on the Plan Closing Date by the Confirmed Plan.

7. There are significant other actions required by the Plan on or after the Plan Closing Date and such actions have not yet occurred.

## CONCLUSIONS OF LAW

1. The plan as modified does not violate Sections 1122 and 1123 of the Code.

2. The plan as modified meets all of the requirements of Section 1129 of the Code.

3. The proponent of the plan met the qualifications of Section 1125 of the Code by virtue of the original disclosure statement.

4. All creditors who voted in favor of the Debtor's previously confirmed plan are deemed to have accepted the Modifications.

**Findings of Fact and Conclusions of Law Regarding Motion to Approve
Post Confirmation Modifications Under 11 U.S.C. §1127(b)**                                                                        Page  2 of 3
G:\ORD-Server\activePDF\Sign\Temp\10320_476270.wpd

5. The Plan has not been substantially consummated.

# # # End of Order # # #

Submitted by:

E. P. Keiffer
State Bar No. 11181700
W‍RIGHT G‍INSBERG B‍RUSILOW, PC
The Elm Place Building
1401 Elm Street, Suite 4750
Dallas, TX  75202
Phone:  (214) 651-6500
Fax:     (214) 744-2615
E mail: pkeiffer@hswgb.com

**ATTORNEY FOR DEBTOR**

**Findings of Fact and Conclusions of Law Regarding Motion to Approve
Post Confirmation Modifications Under 11 U.S.C. §1127(b)**                                             Page  3 of 3
G:\ORD-Server\activePDF\Sign\Temp\10320_476270.wpd